UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH VIGLIONE,<br>    Plaintiff | )<br>)<br>) |
| v. | )   C.A. No.<br>) |
| VITABLE HEALTH SERVICES, P.C.,<br>    Defendant | )<br>) |

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff Keith Viglione ("Viglione") is an individual residing in Newburyport, Massachusetts.

2. Vitable Health Services, P.C., d/b/a Liferaft ("Defendant" or "Liferaft") is a professional corporation with a principal address in Woodlyn, PA.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337 and 1338 because this case arises under the Federal Copyright Act, 17 U.S.C. §101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Viglione's cause of action arose and Viglione has been injured in this judicial district.

5. This court has personal jurisdiction over the defendant because the defendant used plaintiff's copyrighted work without authorization to solicit Massachusetts businesses to transact business with it.

FACTS

A. <u>The Plaintiff, His Photography Business and Copyright Registrations.</u>

6. Since at least as early as 2014, Viglione has been a professional photographer. While Viglione has photographed thousands of subjects, his particular focus is on photographing iconic Massachusetts images. These iconic images include, without limitation, an image of the Boston Skyline over the Charles River taken at Dusk.

7. Although Viglione publicly displays his works on his website, social media platforms, and elsewhere, Viglione takes significant steps to protect his rights in his original works. Viglione has registered copyrights for virtually all of his photographs with the United States Copyright Office, including the Boston Skyline Charles River at Dusk image. That copyright registration certificate is attached to this complaint as Exhibit A.

8. Additionally, Viglione vigorously protects his intellectual property rights by entering into voluntary licensing agreements with those seeking to use his copyrighted works, and by pursuing infringements of his works.

9. In short, Viglione has developed significant goodwill and value in his works, which are well-known and sought after throughout the region.

B. <u>The Defendant's Infringing Activities and Refusal to Pay a Licensing Fee</u>.

10. In or around June of 2024, Viglione learned that the Defendant was hosting a business website directed at Massachusetts companies, where it displayed without authorization reproductions of Viglione's "Boston Skyline Charles River at Dusk" work. Screenshots showing the infringing reproductions of the Viglione work are attached hereto as Exhibits B and C.

11. As a result, Viglione contacted Defendant in May of 2025 through his attorney to report the infringement.

12. While the Defendant did remove the infringing image from its web page, despite repeated demands by Viglione, Defendant has ignored requests to compensate Viglione for the use of the infringing image.

13. Upon information and belief, Defendant took the copyrighted work from the internet in order to post the image to its web page.

14. Upon information and belief, and as shown by the fact that Defendant uploaded the image to its business web page, Defendant used the infringing work for its own commercial purposes.

15. Defendant was never authorized to use Viglione's copyrighted work.

COUNT I
COPYRIGHT INFRINGEMENT
17 U.S.C. § 501

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 of the complaint.

17. Viglione is the owner of the exclusive copyright in his work identified in paragraph 6 above.

18. The Register of Copyrights issued a certificate of registration for the work, and the certificate of registration is attached hereto as Exhibit A.

19. Defendant copied Viglione's copyrighted work and used the infringing work without authorization.

20. Defendant displayed the infringing work for its own commercial purpose.

21. Defendant's infringement of Viglione's copyrighted work caused harm to Viglione.

WHEREFORE, Plaintiff Keith Viglione prays that this Court:

1. Enter judgment in favor of Plaintiff on Count I of the complaint;

2. Award Plaintiff actual damages pursuant to 17 U.S.C. § 504 in an amount to be determined at trial;

3. Award Plaintiff statutory damages pursuant to 17 U.S.C. § 504;

4. Award Plaintiff attorneys fees and costs pursuant to 17 U.S.C. § 505;

5. Award Plaintiff pre-judgment and post-judgment interest as provided for by law; and

6. Award such further relief as the Court deems just and appropriate.

### Jury Demand

The Plaintiff demands a trial by jury on all issues so triable.

KEITH VIGLIONE,
By his attorney,

*/s/ Thomas E. Kenney*
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444
tom@piercemandell.com